**NO SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ADRIENNE RODRIGUEZ

                    Plaintiff,

-against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, as
Police Commissioner; CHARLES V. CAMPISI, as Bureau
Chief, Internal Affairs Bureau; PHILIP ROMANZI, as Deputy
Inspector, Internal Affairs Bureau; DAVID ZIMMER, as Deputy
Inspector, Internal Affairs Bureau; MICHAEL TATE, as
Captain, Internal Affairs Bureau and WILLIAM WASSINGER,
As Lieutenant, Internal Affairs Bureau, each being sued
Individually and in their official capacities as employees of
defendant THE CITY OF NEW YORK

                    Defendants'
-------------------------------------------------------------------x

COMPLAINT
AND JURY DEMAND

**CV 13    6552**

**GLEESON, J.**

**BLOOM, M.J.**

The plaintiff ADRIENNE RODRIGUEZ, by her attorney The Sanders Firm, P.C., as and for her complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER, respectfully set forth and allege that:

### INTRODUCTION

This is an action for equitable relief and money damages on behalf of plaintiff ADRIENNE RODRIGUEZ, (hereinafter referred to as "plaintiff") who was being deprived of her statutory rights as an employee as a result of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER'S discriminatory conduct.

### JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a.    the Civil Rights Act of 1964, 42 U.S.C. § 2000e (a)(1), to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; and

    b.    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law.

2. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## **PROCEDURAL REQUIREMENTS**

4. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5. Plaintiff alleges on or about February 11, 2013, she filed a Charge of Discrimination with the United States Office of Equal Opportunity Commission.

6. Plaintiff alleges sometime after, she received EEOC Charge No.: 520-2013-00935.

7. Plaintiff alleges on or about August 28, 2013, she received a Notice of Right to Sue letter.

8. Plaintiff has filed this lawsuit within Ninety (90) days of the Notice of Right to Sue letter.

9. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

10. Plaintiff ADRIENNE RODRIGUEZ is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Queens County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, Defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer, which is the CITY.

## DEFENDANTS'

11. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times Plaintiff's employer with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

12. Defendants' RAYMOND W. KELLY, as Police Commissioner; CHARLES V. CAMPISI, as Bureau Chief, Internal Affairs Bureau; PHILIP ROMANZI, as Deputy Inspector, Internal Affairs Bureau; DAVID ZIMMER, as Deputy Inspector, Internal Affairs Bureau; MICHAEL TATE, as Captain, Internal Affairs Bureau and WILLIAM WASSINGER, as Lieutenant, Internal Affairs Bureau, each being sued individually and in their official capacities as employees of defendant THE CITY OF NEW YORK.

## BACKGROUND

13. Plaintiff alleges on or about June 30, 1992, she was appointed as a police officer

to the NYPD.

14. Plaintiff alleges on or about November 30, 2005 she was promoted to the rank of Sergeant, Police Department City of New York.

15. Plaintiff alleges on or about April 25, 2011 she was transferred to the Internal Affairs Bureau Group No.: 33.

16. Plaintiff alleges throughout her assignment in the Internal Affairs Bureau from April 25, 2011, until this day under defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER the 'Bureau' operates as an inept corrupt 'Good Ole Boys' network protected and condoned by Mayor Michael R. Bloomberg and the New York City Council without any governmental oversight.

17. Plaintiff alleges since she and other similarly situated African-American Females Officers have rebuffed this 'Good Ole Boys' network, they encounter a race and gender based hostile work environment on a daily basis.

18. Plaintiff alleges she has received far more scrutiny, questionable case assignments, questionable performance evaluations and even less desirable work assignments.

19. Plaintiff alleges the Internal Affairs Bureau under defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER intentionally misleads the public and jeopardizes the public safety by promoting an 'image' of openness and fairness in policing meanwhile covering up its own serious corruption problems.

20. Plaintiff alleges the Internal Affairs Bureau is rife with problems of racism, sexism and nepotism.

21. Plaintiff alleges promotions and preferred assignments are solely based upon the employees' race and their affiliations, with the bulk given to 'unqualified' Caucasian Male Officers' to the detriment of African-American Female Officers.'

22. Plaintiff alleges African-American Female Officers' in particular, are expected to engage in the stereotypical behaviors of being subservient, obedient, compliant, mindless to primarily Caucasian Male police supervisors by acting as their 'personal secretaries.'

23. Plaintiff alleges African-American Female Officers' who do not engage in stereotypical behaviors are denied promotions and preferred assignments.

24. Plaintiff alleges there is 'no viable mechanism' to file 'corruption' complaints against the Internal Affairs Bureau by its African-American and Hispanic Officers.'

25. Plaintiff alleges as soon as a complaint is filed by such employee, the complaint is immediately made known to defendant CHARLES V. CAMPISI who immediately suppresses the complaint to protect his own self-interest compromising the investigation and the employee's personal safety.

26. Plaintiff alleges there is 'no viable mechanism' to file 'discrimination' complaints against the Internal Affairs Bureau by its African-American and Hispanic Officers.'

27. Plaintiff alleges on or about January 18, 2013, she received her Yearly Performance Evaluation.

28. Plaintiff alleges she received a 3.5 out of a scale of 5.0.

29. Plaintiff alleges she was rated lower than Caucasian supervisors although she has superior training, education and experience.

30. Plaintiff alleges she is the only African-American Female supervisor assigned to Internal Affairs Bureau Group No.: 33.

31. Plaintiff alleges historically, Internal Affairs Bureau Group No.: 33 through defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER promote Caucasians over African-Americans and other racial groups.

32. Plaintiff alleges the Yearly Performance Evaluation is used as a tool to deny promotions to African-American Female supervisors.

33. Plaintiff alleges the rater is defendant WILLIAM WASSINGER.

34. Plaintiff alleges defendants' MICHAEL TATE is defendant WILLIAM WASSINGER'S direct supervisor.

35. Plaintiff alleges that defendant PHILIP ROMANZI is defendant MICHAEL TATE'S direct supervisor.

36. Plaintiff alleges she received a lower Yearly Performance Evaluation due to her race and gender.

37. Plaintiff alleges such lower Yearly Performance Evaluation was designed to impact her ability to be promoted to Sergeant Special Assignment or transferred to other favored assignments outside of the Internal Affairs Bureau.

38. Plaintiff alleges she complained about race and gender discrimination to NYPD EEO Liaison Detective Charmaine Corlette.

39. Plaintiff alleges Detective Charmaine Corlette did not forward her complaint to the NYPD Office of Equal Employment Opportunity.

40. Plaintiff alleges that she was passed over for promotion in favor of less qualified Caucasian supervisors because she rejected the racial and gender bias practiced against African-American Females within the Internal Affairs Bureau Group No.: 33 under defendants'

RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER.

### VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### FAILURE TO PROMOTE
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41. Plaintiff re-alleges Paragraph 1 through 40 and incorporates them by reference as Paragraph 1 through 40 of Count I of this complaint.

42. Plaintiff alleges Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race and gender.

43. Plaintiff alleges defendant THE CITY OF NEW YORK engaged in various discriminatory actions against her causing her to be denied a rightly earned promotion to Sergeant Special Assignment because of her opposition to race and gender discrimination.

44. Plaintiff alleges as a direct and proximate result of the unlawful employment practices of defendant THE CITY OF NEW YORK she suffered the indignity of race and gender discrimination and great humiliation.

45. Plaintiff alleges defendant THE CITY OF NEW YORK's violations caused her mental anguish, emotional distress, and loss of employment opportunities.

### COUNT II
### FAILURE TO PROMOTE
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

46. Plaintiff re-alleges Paragraph 1 through 45 and incorporates them by reference as Paragraph 1 through 45 of Count II of this complaint.

47. Plaintiff alleges the Civil Rights Act of 1871 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race and gender.

48. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMNAZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER engaged in various discriminatory actions against her causing her to be denied a rightly earned promotion to Sergeant Special Assignment because of her opposition to race and gender discrimination.

49. Plaintiff alleges as a direct and proximate result of the unlawful employment practices of defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMNAZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER she suffered the indignity of race and gender discrimination and great humiliation.

50. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMNAZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER's violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT III**
**ABUSE OF AUTHORITY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

51. Plaintiff re-alleges Paragraph 1 through 50 and incorporates them by reference as Paragraph 1 through 50 of Count III of this complaint.

52. Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER under color of law personally interfered with and deprived her of constitutional rights, including the rights to petition her government for redress of her grievances and to be free

from deprivation of life, liberty, and property without due process of law.

53. Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised she was being deprived of her constitutional rights, either acted in a concerted, malicious, intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly committed to act to protect her from continuing deprivation of her rights.

54. Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER in acting to deprive her of her rights, acted intentionally knowingly, willfully, and with gross disregard of her rights.

55. Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up directed at her and continuing from in or January 18, 2013 through this day.

56. Plaintiff alleges that as a result of the acts of defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT IV
### FAILURE TO PROMOTE
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

57. Plaintiff re-alleges Paragraph 1 through 56 and incorporates them by reference as Paragraph 1 through 56 of Count IV of this complaint.

58. Plaintiff alleges that New York State Executive Law § 296 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and gender.

59. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Sergeant Special Assignment because of her opposition to race and gender discrimination.

60. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER she suffered the indignity of race and gender discrimination and great humiliation.

61. Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT V**
**FAILURE TO PROMOTE**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

62. Plaintiff re-alleges Paragraph 1 through 61 and incorporates them by reference as Paragraph 1 through 61 of Count V of this complaint.

63. Plaintiff alleges that New York City Administrative Code § 8-107 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race and gender.

64. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Sergeant Special Assignment as a result of her opposition to race and gender discrimination.

65. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER she suffered the indignity of race and gender discrimination and great humiliation.

66. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## **JURY TRIAL**

67. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER jointly and severally, in an amount to be determined at trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated:  November 21, 2013
        New York, NY

Respectfully submitted,

By: _____
    Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com