UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ADRIENNE RODRIGUEZ

                                Plaintiff,

                     -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY;
as Police Commissioner; CHARLES V. CAMPISI, as
Bureau Chief, Internal Affairs Bureau; PHILIP ROMANZI,
as Deputy Inspector, Internal Affairs Bureau; DAVID
ZIMMER, as Deputy Inspector, Internal Affairs Bureau;
MICHAEL TATE, as Captain, Internal Affairs Bureau and
WILLIAM WASSINGER, as Lieutenant, Internal Affairs
Bureau, each being sued individually and in their official
capacities as employees of defendant THE CITY OF NEW
YORK

                                Defendants'
----------------------------------------------------------------------x

Amended Complaint

13 cv 6552 (JG)(LB)

Jury Trial Demand

Judge John Gleeson

      The plaintiff ADRIENNE RODRIGUEZ, by her attorney The Sanders Firm, P.C., as and for her amended complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER, respectfully set forth and allege that:

## INTRODUCTION

      This is an action for equitable relief and money damages on behalf of plaintiff ADRIENNE RODRIGUEZ, (hereinafter referred to as "plaintiff") who was being deprived of her statutory rights as an employee as a result of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER'S discriminatory conduct.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a. the Civil Rights Act of 1964, 42 U.S.C. § 2000e (a)(1), to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; and

   b. the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law.

2. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5. Plaintiff alleges on or about February 11, 2013, she filed a Charge of Discrimination with the United States Office of Equal Opportunity Commission.

6. Plaintiff alleges sometime after, she received EEOC Charge No.: 520-2013-00935.

7. Plaintiff alleges on or about August 28, 2013, she received a Notice of Right to Sue letter.

8. Plaintiff has filed this lawsuit within Ninety (90) days of the Notice of Right to Sue letter.

9. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

10. Plaintiff ADRIENNE RODRIGUEZ is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Queens County and is an employee of defendant THE CITY OF NEW YORK more specifically the Police Department City of New York.

## DEFENDANTS'

11. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times plaintiff's employer with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

12. Defendants' RAYMOND W. KELLY, as Police Commissioner; CHARLES V. CAMPISI, as Bureau Chief, Internal Affairs Bureau; PHILIP ROMANZI, as Deputy Inspector, Internal Affairs Bureau; DAVID ZIMMER, as Deputy Inspector, Internal Affairs Bureau; MICHAEL TATE, as Captain, Internal Affairs Bureau and WILLIAM WASSINGER, as Lieutenant, Internal Affairs Bureau, each being sued individually and in their official capacities

as employees of defendant THE CITY OF NEW YORK.

## BACKGROUND

13.     Plaintiff alleges on or about June 30, 1992, she was appointed as a police officer to the NYPD.

14.     Plaintiff alleges on or about November 30, 2005 she was promoted to the rank of Sergeant, Police Department City of New York.

15.     Plaintiff alleges on or about April 25, 2011 she was transferred to the Internal Affairs Bureau Group No.: 33.

16.     Plaintiff alleges at the "discretion" of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER, some sergeants are given "special details" or "special assignments."

17.     Plaintiff alleges the designation "Sergeant Special Assignment" is one sort of "special assignment."

18.     Plaintiff alleges being designated "Sergeant Special Assignment" is desirable because it confers additional remuneration and/or special benefits including substantial pay increases equaling that of police lieutenant.

19.     Plaintiff alleges police lieutenant is the next level in the organizational rank structure.

20.     Plaintiff alleges being designated "Sergeant Special Assignment" is in essence a "promotion" for pension purposes, without the need to become certified and promoted off an established civil service list which could take years.

21.     Plaintiff alleges to be designated "Sergeant Special Assignment," there is no set

objective criteria used.

22. Plaintiff alleges the entire process to be designated "Sergeant Special Assignment" is "discretionary."

23. Plaintiff alleges over the past few years, no African-American female sergeants were designated "Sergeant Special Assignment."

24. Plaintiff alleges over the past few years, although there were eligible African-American females, only Caucasian sergeants were designated "Sergeant Special Assignment."

25. Plaintiff alleges Sergeants Salvatore Taomina, Dennis Russo and Mary Anne Nellen, all Caucasian sergeants, were designated "Sergeant Special Assignment" based upon their race and affiliation with former Captain Kenneth Noonan and defendant DAVID ZIMMER.

26. Plaintiff alleges defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI are aware such "discretionary" designations are made based upon an employee's race and affiliation but, have not implemented any procedural safeguards to stop such practices.

27. Plaintiff alleges on or about January 18, 2013, she received her Yearly Performance Evaluation.

28. Plaintiff alleges she received a 3.5 out of a scale of 5.0.

29. Plaintiff alleges she received a 4.0 in 2011 and 3.5 in 2012.

30. Plaintiff alleges she continued to be rated lower than similarly situated Caucasian sergeants' although she has equal or superior training, education and experience.

31. Plaintiff alleges defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER use the Yearly Performance Evaluation as a tool to deny

promotions to African-American female sergeants' by rating such employees 4.0 or lower although their quality points indicate they should be rated higher.

32. Plaintiff alleges defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER use the Yearly Performance Evaluation as a tool to grant promotions to Caucasian sergeants by artificially inflating their ratings to 4.0 or higher although their quality points indicate they should be rated lower.

33. Plaintiff alleges defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI are aware the Yearly Performance Evaluation are manipulated by police supervisors to "subjectively" create a false rating of an employee but, have not implemented any procedural safeguards to stop such practices.

34. Plaintiff alleges her rater was defendant WILLIAM WASSINGER.

35. Plaintiff alleges defendants' MICHAEL TATE is defendant WILLIAM WASSINGER'S direct supervisor.

36. Plaintiff alleges that defendant PHILIP ROMANZI is defendant MICHAEL TATE'S direct supervisor.

37. Plaintiff alleges she received a lower Yearly Performance Evaluation due to her race and gender.

38. Plaintiff alleges such lower Yearly Performance Evaluation was designed to impact her ability to be promoted to "Sergeant Special Assignment" or transferred to other favored assignments outside of the Internal Affairs Bureau.

39. Plaintiff alleges about a week after receiving the lower Yearly Performance Evaluation, she complained about race and gender discrimination to NYPD EEO Liaison

Detective Charmaine Corlette.

40. Plaintiff alleges Detective Charmaine Corlette did not forward her complaint to the NYPD Office of Equal Employment Opportunity as required by Department policy.

41. Plaintiff alleges sometime thereafter, NYPD EEO Liaison Sergeant John Martinez met with defendant WILLIAM WASSINGER.

42. Plaintiff alleges NYPD EEO Liaison Sergeant John Martinez informed defendant WILLIAM WASSINGER his rating of her was artificially lowered because the quality points indicated she should have been rated higher.

43. Plaintiff alleges defendant WILLIAM WASSINGER refused to changer her Yearly Performance Evaluation.

44. Plaintiff alleges after complaining about the lowering of her Yearly Performance Evaluation by defendant WILLIAM WASSINGER, she was not considered for promotion to "Sergeant Special Assignment."

45. Plaintiff alleges on or about January 17, 2014, she was transferred to the Crime Scene Unit.

### VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### FAILURE TO PROMOTE
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

46. Plaintiff re-alleges Paragraph 1 through 45 and incorporates them by reference as Paragraph 1 through 45 of Count I of this amended complaint.

47. Plaintiff alleges Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race and gender.

48. Plaintiff alleges defendant THE CITY OF NEW YORK engaged in various discriminatory actions against her causing her to be denied a rightly earned promotion to "Sergeant Special Assignment" because of her opposition to race and gender discrimination.

49. Plaintiff alleges defendant THE CITY OF NEW YORK'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT II
## FAILURE TO PROMOTE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

50. Plaintiff re-alleges Paragraph 1 through 49 and incorporates them by reference as Paragraph 1 through 49 of Count II of this amended complaint.

51. Plaintiff alleges the Civil Rights Act of 1871 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race and gender.

52. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMNAZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER personally engaged in various discriminatory actions against her causing her to be denied a rightly earned promotion to "Sergeant Special Assignment" because of her opposition to race and gender discrimination.

53. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMNAZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT III
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

54. Plaintiff re-alleges Paragraph 1 through 53 and incorporates them by reference as Paragraph 1 through 53 of Count III of this amended complaint.

55. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER under color of law personally interfered with and deprived her of constitutional rights without due process of law.

56. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised she was being deprived of her constitutional rights, either acted in a concerted, malicious, intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly committed to act to protect her from continuing deprivation of her rights.

57. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER in acting to deprive her of her rights, acted intentionally knowingly, willfully, and with gross disregard of her rights.

58. Plaintiff alleges defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up directed at her and continuing from in or January 18, 2013 until January 17, 2014.

59. Plaintiff alleges as a result of the acts of defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and

WILLIAM WASSINGER under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT IV**
**FAILURE TO PROMOTE**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

60. Plaintiff re-alleges Paragraph 1 through 59 and incorporates them by reference as Paragraph 1 through 59 of Count IV of this amended complaint.

61. Plaintiff alleges that New York State Executive Law § 296 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and gender.

62. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER engaged in various actions against her causing her to be denied a rightly earned promotion to "Sergeant Special Assignment" because of her opposition to race and gender discrimination.

63. Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT V**
**FAILURE TO PROMOTE**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

64. Plaintiff re-alleges Paragraph 1 through 63 and incorporates them by reference as Paragraph 1 through 63 of Count V of this amended complaint.

65. Plaintiff alleges that New York City Administrative Code § 8-107 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race and gender.

66. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER engaged in various actions against her causing her to be denied a rightly earned promotion to "Sergeant Special Assignment" as a result of her opposition to race and gender discrimination.

67. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

68. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; PHILIP ROMANZI; DAVID ZIMMER; MICHAEL TATE and WILLIAM WASSINGER jointly and severally, in an amount to be determined at trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated: February 10, 2014
       New York, NY

                                    Respectfully submitted,

                                    By: _____
                                        Eric Sanders (ES0224)

                                    **The Sanders Firm, P.C.**
                                    1140 Avenue of the Americas, 9th Floor
                                    New York, NY 10036
                                    (800) 371-4835 (Business Telephone)
                                    (212) 537-9081 (Facsimile)

                                    Website: http://www.thesandersfirmpc.com